(C.D. 2803)

LANVIN PARFUMS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 26, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protests enumerated in the schedule attached to and made a part of the decision herein controvert the classification by the collector of customs of certain atomizers as articles or wares, not specially provided for, plated with gold, or as articles or wares, not specially provided for, composed wholly or in chief value of base metal, in paragraph 397 of the Tariff Act of 1930 or as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty respectively at the rate of 65 per centum ad valorem or 21 per centum, 20 per centum, or 19 per centum ad valorem, according to the date of entry or withdrawal from warehouse for consumption.

It is the contention of plaintiff herein that said merchandise should properly have been classified as machines, not specially provided for, in paragraph 372 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or by the sixth protocol, *supra*, and subjected to duty at the rate of 13¾ per centum, 13 per centum, 12 per centum, or 11½ per centum ad valorem, depending upon the date of entry or withdrawal from warehouse for consumption.

These cases have been submitted for decision upon the following stipulation of fact:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and checked RFH (Examiner's initials) by Examiner R. F. Hewitt (Examiner's name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 65 or 21 or 20 or 19 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930, as modified, consist of atomizers similar in all material respects to the merchandise the subject of *Lanvin Parfums, Inc.* v. *United States*, C.D. 2543, wherein the merchandise was held dutiable as machines, not specially provided for, within paragraph 372 of said act, as modified by T.D. 54108, and subject to duty at the rate of 12 or 11½ per centum ad valorem, which rate prior to said reduction was 13¾ or 13 per centum ad valorem depending upon the date of entry or withdrawal from warehouse.

That the record in C.D. 2543 be incorporated and made a part of the record in the protests enumerated on the schedule attached hereto and made a part hereof, and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid.

Upon the agreed facts of record and following the cited authority, we hold that the atomizers in issue should properly have been classified as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the said Torquay protocol or by the sixth protocol, *supra*, and subjected to duty at the rate of 13¾ per centum, 13 per centum, 12 per centum, or 11½ per centum ad valorem, according to the date of entry or withdrawal from warehouse for consumption. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will be entered accordingly.